## Stone and Husband v. Payne & Harrison.—J. M. B. Tucker, Intervenor.

*A family meeting in consenting to the natural tutrix, who is about to marry a second time, retaining the tutrixship of her minor children after such marriage, have no right to restrict her in the legal exercise of her rights and discharge of her duties as tutrix, and a requirement which they may undertake to make, that all her drafts for moneys belonging to the minors shall be drawn to the order of, and endorsed by, the under-tutor, is mere surplusage, and will be considered as not written.*

APPEAL from the District Court of Nachitoches, *Chaplin*, J.

*Hamilton & Chaplin* and *P. A. Morse*, for plaintiffs and appellants. *A. H. Pearson*, for intervenor.

Cole, J. This suit originated from the illegal dispositions contained in a family meeting convened to decide whether *Mrs. Mary A. B. Stone*, widow of *John Tucker*, who was about to contract a second marriage, should be retained in the tutorship of her minor children.

She appealed from the order of the Clerk, (considered as a decree of the District Court) which homologated the proceedings of the family meeting; her appeal is now pending.

The facts of the case are as follows:

STONE
*v*
HARRISON.

*Payne & Harrison*, of New Orleans, are indebted to the estate of *John Tucker*, the late husband of *Mrs. Stone*, in the sum of $1,635 60, which is admitted to be the proceeds of community property. *Mrs. Stone*, in her capacity of tutrix, and as such, entitled to administer her husband's succession, instituted this suit to recover of them said sum.

This proceeding was instituted in the District Court at Natchitoches; defendants having waived the right of being sued at their domicil.

In their answer, defendants admit their indebtedness to the said estate in said sum; but aver, that they have been notified by the under-tutor, *J. M. B. Tucker*, not to pay said money without his consent, to be evidenced by his endorsement of the draft or other order against said fund. They pray that said under-tutor may be cited to defend this suit, and they make a tender, in open court, of said sum.

Defendants, on the 30th Sept., 1856, having proffered, in open court, the sum claimed by plaintiffs, it was ordered (the parties thereto consenting) that they retain the said fund in their hands, subject to the decision of this case.

The under-tutor intervened, and alleged, that by the advice of a family meeting, which retained the petitioner, *Mrs. A. B. Stone*, (in her approaching marriage with *McLavren*,) and under which advice duly homologated, she was retained as tutrix, all drafts for money belonging to the minors shall be drawn to the order of, and endorsed by, the intervenor, the under-tutor; that she accepted the tutorship under these terms, and has acted in other cases according to them.

That in this case no demand was made on petitioner for his approval or endorsement, and this action is a violation of the terms of the retention of the tutrix. That intervenor does not assent to the payment of this money as sued for, as it belongs wholly or in part to the minors, and the said tutrix has shown no good cause for the disbursement or reception of said funds.

He prays that her demand be rejected, and that the funds do remain in the hands of *Payne & Harrison*, where they are drawing interest.

A bill of exceptions was taken by plaintiffs to the refusal of the court to strike from the record that part of the defendant's answer calling *J. M. B. Tucker*, the under-tutor, in warranty, and the said *Tucker's* answer on the ground that the under-tutor cannot appear in behalf of the minors, except in cases where the interest of the tutrix conflicts with that of the minors, which from the face of the record is not shown.

In the answer to the pleas set up in the answer in warranty or intervention of the under-tutor, plaintiff avers, that said restriction of her rights by the family meeting is null and void, and prays for the rejection of the demands of the under-tutor, and a decree of nullity so far as the restrictions aforesaid go, and for judgment pursuant to the prayer of petition.

We are of opinion, that plaintiff had the right to collect from *Payne & Harrison* the amount due her husband's estate.

She had been retained as tutrix by the family meeting, and as such, is entitled to administer said estate; the restrictions on her right as tutrix in the proceedings of the family meeting are mere surplusage, and must be considered as not written; they did not annex these restrictions as conditions without which they were not willing to retain her, but merely added them in their proceedings, after they had declared she should be retained as tutrix.

The restrictions contended for by the under-tutor are adverse to the policy of our law.

He asks that the sum owed by *Payne & Harrison* shall remain in their possession.

In like manner claims due the estate might remain in the hands of the debtors, liable to be lost from insolvency or other causes.

If such a course of action were pursued, the tutrix would have no funds with which to pay the debts of the succession.

The lower court rendered judgment for plaintiff as partner in the community for one-half the sum claimed; the other half to remain with *Payne & Harrison*, subject to the draft of *Mrs. Stone* as tutrix, payable to the order of, and to be endorsed by, the under-tutor of the minors. Plaintiff asks to have one-half of the said sum to be decreed to her in her own right and the other half as tutrix.

We consider, she should have judgment for the whole amount in her capacity of tutrix, and, as such, entitled to administer. The respective portions due her and the minors can be determined in her final settlement with them.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be avoided and reversed.

It is further ordered, adjudged and decreed, that plaintiff, *Mary A. B. Stone*, wife of *L. L. McLaurens*, in her capacity of tutrix of her minor children, and, as such, entitled to administer the estate of her deceased husband, *John Tucker*, recover of defendants, *Payne & Harrison*, one thousand and six hundred and thirty-five dollars and sixty cents, ($1,635 60,) with costs of suit up to the time of the answer filed and deposit tendered by them of said amount.

It is further ordered, adjudged and decreed, that the intervention of the under-tutor, *J. M. B. Tucker*, be rejected, and that the costs of intervention, of the original suit, except those due as aforesaid by *Payne & Harrison*, and the costs of appeal, be paid by the estate of said *John Tucker*.